## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

ROBERT SCOTT MCDONALD and
SANDRA MCDONALD,

Case No. _____

Husband and Wife,

v.

TWO HARBORS MACHINE SHOP,
INC., Individually and d/b/a SERCO
LOADERS, GRYB IMMO USA, INC.,
MILSCO, LLC, and JASON
INCORPORATED

**NOTICE OF REMOVAL**

Defendants,

The Defendants, by and through their respective undersigned counsel, for their Notice of Removal of an action filed in the 11TH Circuit Court for the County of Luce, State of Michigan, states:

1.      Plaintiff served on Two Harbors, a Minnesota company, a Complaint venued in the 11TH Circuit Court for the County of Luce, State of Michigan styled *Robert Scott McDonald and Sandra McDonald v. Two Harbors Machine Shop, Inc., Individually and /ba SERCO Loaders, Gryb Immo USA, Inc., Milsco, LLC, and Jason Incorporated,* on August 4, 2022. A true and correct copy of the Summons and Complaint served on Two Harbors is attached as Exhibit A.

2.      Plaintiff served on Gryb Immo USA, Inc., a foreign company located in Canada, the same Complaint styled *Robert Scott McDonald and Sandra McDonald v. Two Harbors Machine Shop, Inc., Individually and /ba SERCO Loaders, Gryb Immo*

*USA, Inc., Milsco, LLC, and Jason Incorporated,* on August 18, 2022 at Gryb's Registered Office in Delaware.

3.     Plaintiff served on Gryb Immo USA, Inc., a foreign company located in Canada, the same Complaint styled *Robert Scott McDonald and Sandra McDonald v. Two Harbors Machine Shop, Inc., Individually and /ba SERCO Loaders, Gryb Immo USA, Inc., Milsco, LLC, and Jason Incorporated,* on August 18, 2022 on August 18, 2022 at Gryb's Registered Office in Delaware.

4.     Plaintiff served on Milsco, LLC, a Delaware limited liability company located in Milwaukee, Wisconsin, the same Complaint styled *Robert Scott McDonald and Sandra McDonald v. Two Harbors Machine Shop, Inc., Individually and /ba SERCO Loaders, Gryb Immo USA, Inc., Milsco, LLC, and Jason Incorporated,* on August 4, 2022.

5.     Plaintiff served on Jason Incorporated, a company located in Milwaukee WI, the same Complaint styled *Robert Scott McDonald and Sandra McDonald v. Two Harbors Machine Shop, Inc., Individually and /ba SERCO Loaders, Gryb Immo USA, Inc., Milsco, LLC, and Jason Incorporated,* on August 4, 2022.

6.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(2)(B) because it is filed within thirty (30) days of the date that the defendants were served with the Summons and Complaint, which is the initial pleading setting for the claim for relief against Defendants Two Harbors Machine Shop, Inc., Individually and /ba SERCO Loaders, Gryb Immo USA, Inc., Milsco, LLC, and Jason Incorporated upon which this action or proceeding is based.

2

7.     Gryb Immo USA, Inc. consents to removal of this action to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1446(b)(2)(C).

8.     Milsco, LLC consents to removal of this action to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1446(b)(2)(C).

9.     Jason Incorporated consents to removal of this action to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1446(b)(2)(C).

10.     This Notice of Removal is being filed in the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §1441(a) as the Western District of Michigan is the federal judicial district encompassing the 11TH Circuit Court for the County of Luce.

11.     This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(3) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and the action is between citizens of different States, and in which citizens or subjects of a foreign state are additional parties.

12.     The Complaint asserts claims for personal injury arising out of an incident that allegedly took place on March 27, 2019 in Lakefield Township, Luce County, Michigan and prays for judgment in excess of Michigan's statutory limits on noneconomic damages. (Exhibit A, Complaint at ¶¶2, 47-53)

13.     Plaintiffs are residents of Germfask Township, Schoolcraft County, Michigan. (Exhibit A, Complaint at ¶3)

14.     Defendant Two Harbors is a corporation organized under the laws of the State of Minnesota with its principle place of business in Minnesota.

15.     Defendant Gryb Immo USA, Inc. is a Canadian company with its principle place of business in Quebec, Canada.

16.     Defendant Milsco, LLC is a Delaware limited liability company whose member is Jason Group, Inc., a Delaware corporation.

17.     Defendant Jason Incorporated is a corporation organized under the laws of the State of Wisconsin and merged into Jason Group, Inc. with its principle place of business in Milwaukee, Wisconsin.

18.     Accordingly, because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the action is between citizens of different states and a citizen of a foreign state is an additional party, this Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(3), and the action that Plaintiff filed in state court is properly removable under 28 U.S.C. § 1441.

19.     As required by 28 U.S.C. § 1446(a), Two Harbors has attached as Exhibits to this Notice of Removal copies of all process, pleadings and orders served upon it relating to the state court action. (Exhibit A)

20.     As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon Plaintiff and filed with the Clerk of the 11TH Circuit Court for the County of Luce, the state court under which Plaintiff initially commenced the action.

21.     By filing this Notice of Removal, Defendants Two Harbors Machine Shop, Inc., Individually and /ba SERCO Loaders, Gryb Immo USA, Inc., Milsco, LLC, and Jason Incorporated do not waive any defense or counterclaim that may be available.

4

WHEREFORE, Defendants respectfully removes the above-referenced cause of action from the the 11TH Circuit Court for the County of Luce to the United States District Court for the Western District of Michigan, submits that no further proceedings be had in Michigan State Court, and requests such other and further relief as is necessary and proper.

Dated: September 6, 2022

**STRAUB, SEAMAN & ALLEN P.C.**

By: *s/Matthew T. Tompkins*
Matthew T. Tompkins
2810 East Beltline Lane NE
Grand Rapis MI 49525
Tel:  (616) 257-5158
mtompkins@lawssa.com
*Attorneys for Defendant*
*Two Harbors Machine Shop*

Dated: September 6, 2022

**SECREST WARDEL**

By: *s/Justin L. Cole*
Justin L. Cole
2025 East Beltline Ave., Ste. 600
Grand Rapids, MI 49546
Tel: (616) 272-7964
jcole@secreatwardel.com
*Attorneys for Defendant*
*Gryb*

Dated: September 6, 2022

**COLLINS EINHORN**

By: *s/Deborah Lujan*
Deborah Lujan
4000 Town Center, 9th Floor
Southfield, MI 48075
Tel: (248) 351-5417
Deborah.Lujan@ceflawyers.com
*Attorneys for Defendant*
*Jason*

5

# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| **STATE OF MICHIGAN**<br>**JUDICIAL DISTRICT**<br>11th **JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | **SUMMONS** | **CASE NO.**<br>22-6709-NP |
|---|---|---|

| **Court address**<br>402 West Harrie Street, Newberry, MI 49868 | **Court telephone no.**<br>906-293-5531 |
|---|---|

| **Plaintiff's name(s), address(es), and telephone no(s).**<br>Robert Scott McDonald & Sandra McDonald, husband and wife; c/o Steven A. Lee; Neumann Law Group<br>300 East Front Street, Suite 445<br>Traverse City, MI 49684<br>231-221-0050; steve@neumannlawgroup.com | v | **Defendant's name(s), address(es), and telephone no(s).**<br>Two Harbors Machine Shop, Inc. individually and d/b/a Serco Loaders; 511 25th Avenue, Two Harbors, MN 55616<br><br>Gryb Immo USA, Inc.; c/o Remi Beaudon, Registered Agent; 511 25th Street, Two Harbors, MN 55616. |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no.**<br>Steven A. Lee (P77013)<br>Neumann Law Group<br>300 East Front Street, Suite 445<br>Traverse City, MI 49684<br>231-221-0050; steve@neumannlawgroup.com | | MILSCO, LLC; c/o The Corporation Company, 40600 Ann Arbor Road E, Suite 201, Plymouth, MI 48170<br><br>Jason Incorporated; c/o The Corporation Company, 40600 Ann Arbor Road E, Suite 201, Plymouth, MI 48170. |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

FILED

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

AUG 03 2022

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

Luce County Clerk

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| **Issue date**<br>August 3, 2022 | **Expiration date***<br>November 4, 2022 | **Court clerk**<br>Tonya L Peters, Dep |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| PROOF OF SERVICE | SUMMONS |
| --- | --- |
| | Case No. |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
| --- | --- | --- |
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]); and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
      List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
| --- | --- | --- | --- | --- |
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                               Date

My commission expires: _____ Signature _____
                  Date                            Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                   Attachments

_____ on _____
                    Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN
IN THE 11TH CIRCUIT COURT FOR THE COUNTY OF LUCE

ROBERT SCOTT MCDONALD and
SANDRA MCDONALD,

        Husband and Wife,

v.

TWO HARBORS MACHINE SHOP, INC.,
individually and d/b/a SERCO LOADERS,
GRYB IMMO USA, INC., MILSCO, LLC,
and JASON INCORPORATED.

        Defendants.

_____/

Case No.: 2022- 6 7C9 -NP
Honorable

**FILED**

**AUG 0 3 2022**

Luce County Clerk

Steven A. Lee (P77013)
Neumann Law Group
300 East Front Street, Suite 445
Traverse City, MI 49684
(231) 221-0050 – Phone
(231) 221-0051 – Facsimile
steve@neumannlawgroup.com

_____/

There is no other pending or resolved civil action arising out of the same transaction or
occurrence alleged in the Complaint.

## COMPLAINT

    NOW COME Plaintiffs Robert Scott McDonald and Sandra McDonald, by and through

their attorney, Steven A. Lee of Neumann Law Group, and for their Complaint against Defendants,

state as follows:

    1.    This is an action for monetary damages arising out of personal injuries sustained

by Plaintiff Robert Scott McDonald and loss of consortium sustained by his wife Plaintiff Sandra

McDonald due to a defective product sold, designed, and manufactured by Defendants.

2.      The subject incident occurred on March 27, 2019, in Lakefield Township, Luce County, Michigan (annexed as "Exhibit A" is the agreement by the parties to toll/suspend the Statute of Limitations).

3.      Plaintiffs Robert Scott McDonald and Sandra McDonald, husband and wife are residents of Germfask Township, Schoolcraft County, Michigan.

4.      Robert Scott McDonald ("Scott McDonald") suffered burst fractures of his thoracic spine when he fell approximately 12 feet to the ground when the unguarded bucket seat of the SERCO 8500 log loader he was working with, catastrophically failed due to corrosion/rust, causing the seat pan to detach from its mounting platform, resulting in Scott McDonald falling and being permanently paralyzed from the chest down.

5.      Defendant Two Harbors Machine Shop, Inc., individually and d/b/a SERCO Loaders ("Two Harbors") was at all relevant times in the business of selling, distributing, marketing, and designing, and manufacturing log loaders with its principal place of business at 511 25th Avenue, Two Harbors, MN 55616 and was and is a currently active Minnesota business corporation under file number 2K-1167.

6.      SERCO is a registered trademark in the State of Minnesota of Two Harbors.

7.      Two Harbors was authorized to and transacted business in the State of Michigan at all times relevant to this complaint.

2

8.      Defendant Gryb Immo USA, Inc. ("Gryb") is a foreign business corporation whose home jurisdiction is Delaware and whose registered office and address is located at 511 25th Street, Two Harbors, MN 55616. On information and belief, Gryb may, has, or will assume successor liability to Two Harbors.

9.      Defendant Milsco, LLC ("Milsco") was at all relevant times in the business of selling, distributing, marketing, designing, and manufacturing seats, including the seat and platform in the subject logger, and is a foreign limited liability company which maintains its principal office in Wisconsin and is organized under the laws of the State of Delaware and whose Registered Agent is located in the city of Plymouth, County of Wayne, State of Michigan.

10.     Milsco was authorized to and transacted business in the State of Michigan at all times relevant to this Complaint.

11.     Defendant Jason Incorporated ("Jason") was at all relevant times in the business of selling, distributing, marketing, designing, and manufacturing seats and is a foreign profit corporation which maintains its principal office in Wisconsin and whose Resident Agent is located in the city of Plymouth, County of Wayne, State of Michigan.

12.     Jason was authorized to and transacted business in the State of Michigan at all times relevant to this Complaint.

13.     Venue is appropriate pursuant to MCL 600.1627.

14.     The amount in controversy is within the jurisdictional limits of this Court because the Plaintiffs claims of damages exclusive of interest and costs are in excess of $25,000.00.

3

## COMMON ALLEGATIONS

15.     On March 27, 2019, Scott McDonald was employed by WJZ & Sons Harvesting, Inc. located at RR#1, Box 225B, Germfask, Michigan 49836 as the operator of a log loader, trailer, and truck.

16.     The log loader that Scott McDonald was operating on March 27, 2019, was a Two Rivers designed, manufactured, and sold, SERCO Model 8500 unit (Serial # L-8745) made to load and unload logs onto the log trailer for transport.

17.     On March 27, 2019, Scott McDonald operated the loading arm of the SERCO Model 8500 unit using controls that are located on a fixed, seated platform located approximately 12 feet above the ground surface.

18.     The seat, designed and manufactured by Defendants Milsco and/or Jason, was affixed to the platform with 4 bolts approximately 2 inches in length.

19.     Due to the corrosion on the seat and seat assembly, the seat/seat pan detached from its mounting platform and Plaintiff Scott McDonald fell approximately 12 feet, striking the ground.

20.     Due to Defendants Two Harbors and Gryb not using the reasonable alternative design of a surrounding guardrail, cage, or full cabin, Plaintiff Scott McDonald had nothing to stop his fall to the ground when the log loader seat failed.

21.     Due to the Defendants Two Harbors and Gryb not using aluminum-bronze or a similar type of metal resistant to corrosion to affix the seats to the subject SERCO log loader, the subject seat corroded and failed without notice to the user, Scott McDonald, causing his injuries.

22.     Defendants Milsco and Jason failed to warn purchasers that their seat products including the subject seat should not be used outside or exposed to the elements and that they could dangerously corrode and fail when exposed to outside use.

4

23.     Due to Defendants Milsco and Jason not using aluminum-bronze or a similar type of metal resistant to corrosion in the design and manufacture of the seats used in the subject SERCO log loader, the subject seat corroded and failed without notice to the user, Scott McDonald, causing his injuries.

24.     As a direct and proximate result of Defendants' negligence, breach of warranties, and gross negligence set forth below, Plaintiff Robert Scott McDonald suffered the following injuries and damages, including but not limited to:

a.   Traumatic fall from 12 feet;
b.   Traumatic Spinal Cord Injury;
c.   Paraplegia;
d.   Closed burst fractures of T7-T8 vertebra;
e.   Lesion at T2-T6 level of thoracic spinal cord;
f.   Open reduction internal fixation of T8 fracture dislocation, with pedicle screw instrumentation T6-T7-T8-T9 T10;
g.   Fusion of 2-7 thoracic vertebral joints;
h.   Traumatic brain injury with loss of consciousness;
i.   Brain bleed;
j.   Muscle spasms;
k.   Recurrent DVTs requiring lifelong anticoagulation treatments;
l.   Neurogenic bladder and bowel;
m.   Bladder leaking;
n.   Suprapubic catheter/tube placement;
o.   Urinary tract infection;
p.   Colonic ileus/constipation;
q.   Pressure sores;
r.   Spasticity/involuntary movements/spasms;
s.   Baclofen pump placement;
t.   10/10 pain;
u.   Soft tissue swelling and bruising;
v.   Significant amounts of prescription pain medications, antibiotics, and others;
w.   Physical and occupational therapy;
x.   Driving rehabilitation and vehicle modifications;
y.   Permanent use of wheelchair;
z.   Home modifications;
aa.  Loss of income; and
bb.  Other damages, injuries, and consequences that are found to be related to the subject incident to the extent such damages are recoverable under Michigan law.

25.    Said injuries have caused and continue to cause Plaintiff Robert Scott McDonald to suffer a great amount of pain, disability, medical, and other expenses, diminishment of the enjoyment of life, humiliation, and embarrassment.

26.    Further, as a result of the damages to Plaintiff Robert Scott McDonald, Plaintiff Sandra McDonald has suffered the loss of consortium, companionship, and household services of her husband, Plaintiff Robert Scott McDonald.

## COUNT I – NEGLIGENCE AND BREACH OF IMPLIED WARRANTY AS TO DEFENDANTS TWO HARBORS AND GRYB IMMO USA, INC.

27.    Plaintiffs incorporate by reference all previous paragraphs as though fully restated herein.

28.    At all times relevant to this action and during the time of the design, manufacture, and distribution of the subject log loader, Defendants, as manufacturer, was under a duty to design, manufacturer, and test the subject log loader to eliminate any unreasonable risk of foreseeable injury when the product was being used in its intended and foreseeable manner, as well as foreseeable misuse.

29.    Despite the duties set forth above, Defendants were independently negligent and breached implied warranties in at least the following respects:

    a. Negligently failing to test or otherwise confirm that the log loader seat would not catastrophically corrode and fail and would support intended loads/operators of the log loader without failure;

    b. Negligently failing to utilize established engineering methodologies, such as Failure Mode and Effects Analyses (FMEA), to identify and eliminate hazards associated with the design and use of the product;

6

     c. Negligently failing to oversee the manufacturing process to ensure that the design and manufacture of the log loader seat was adequate to withstand corrosion in an outdoor environment where Defendant knew it would be used and support foreseeable loads;

     d. Negligently failing to ensure that the log loader seat was fit for its intended uses;

     e. Negligently failing to use appropriate quality control measures to ensure that the product could withstand corrosion and intended loads under foreseeable conditions;

     f. Negligently failing to design and utilize a metal guardrail, cage, or cabin to surround the subject seat to prevent a catastrophic 12-foot fall to the ground such as the fall Plaintiff Robert Scott McDonald suffered;

     g. Negligently failing to warn or instruct that the log loader seat would corrode and catastrophically fail;

     h. Other acts of negligence that will be discovered through the course of this litigation.

30.    Technically and economically feasible alternative designs existed in the marketplace as of the time the subject log loader was manufactured and distributed that would have eliminated the risk of these particular failure modes and would have prevented the instant injuries.

31.    Defendant breached its implied warranty of merchantability in that the product was not fit for its intended purpose.

32.    The log loader was defective and unreasonably dangerous when used in its intended manner and/or subjected to foreseeable misuse.

WHEREFORE, Plaintiffs respectfully request that the trier of fact award all damages allowed under Michigan law. Plaintiffs also request that this Court award pre-judgment interest, costs, and attorney fees so wrongfully incurred.

## COUNT II – NEGLIGENCE AND BREACH OF IMPLIED WARRANTY AS TO DEFENDANTS MILSCO, LLC. AND JASON INCORPORATED

33.     Plaintiffs incorporate by reference all previous paragraphs as though fully restated herein.

34.     At all times relevant to this action and during the time of the design, manufacture, and distribution of the subject seat, Defendants, as manufacturer, were under a duty to design, manufacture, and test the subject seat to eliminate any unreasonable risk of foreseeable injury when the product was being used in its intended and foreseeable manner, as well as foreseeable misuse.

35.     Despite the duties set forth above, Defendants were independently negligent and breached implied warranties in at least the following respects:

    a.   Negligently failing to test or otherwise confirm that the seat would not catastrophically corrode and fail and would support intended loads/operators of the vehicle to which it was affixed without failure;

    b.   Negligently failing to utilize established engineering methodologies, such as Failure Mode and Effects Analyses (FMEA), to identify and eliminate hazards associated with the design and use of the product;

    c.   Negligently failing to oversee the manufacturing process to ensure that the design and manufacture of the seat was adequate to withstand corrosion in an outdoor environment where Defendant knew it could and would be used and support foreseeable loads;

    d.   Negligently failing to ensure that the seat was fit for its intended purpose and uses;

    e.   Negligently failing to use appropriate quality control measures to ensure that the product could withstand corrosion and intended loads under foreseeable conditions;

    f.   Negligently failing to utilize non-corrosive metals regarding the design and manufacture of the subject seat to prevent a catastrophic 12-foot fall to the ground such as the Plaintiff Robert Scott McDonald suffered;

8

g.  Negligently failing to warn or instruct that the seat would corrode in an outdoor environment and catastrophically fail;

h.  Other acts of negligence that will be discovered through the course of this litigation.

36.    Technically and economically feasible alternative designs existed in the marketplace as of the time the subject seat was manufactured and distributed that would have eliminated the risk of this particular failure mode and would have prevented the instant injuries.

37.    Defendant breached its implied warranty of merchantability in that product was not fit for its intended purpose.

38.    The seat was defective and unreasonably dangerous when used in its intended manner and/or subjected to foreseeable misuse.

WHEREFORE, Plaintiffs respectfully request that the trier of fact award all damages allowed under Michigan law. Plaintiffs also request that this Court award pre-judgment interest, costs, and attorney fees so wrongfully incurred.

## COUNT III – NEGLIGENCE AND BREACH OF EXPRESS WARRANTY AS TO TWO HARBORS AND GRYB IMMO USA, INC.

39.    Plaintiffs incorporate by reference all previous paragraphs as though fully restated herein.

40.    Defendants Two Harbors and Gryb expressly warranted, represented, and stated that its SERCO 8500 log loader product was made of "Rugged High-Quality Construction & Components".

41.    Plaintiff Robert Scott McDonald and his employer WJZ & Sons Harvesting, Inc. relied on the representation of express warranty as previously described.

42. Plaintiff Robert Scott McDonald was proximately injured through the breach of express warranty in the manner previously described, including that the subject log loader seat was not made of or affixed to the platform seat using "rugged, high-quality construction & components".

WHEREFORE, Plaintiffs respectfully request that the trier of fact award all damages allowed under Michigan law. Plaintiffs also request that this Court award pre-judgment interest, costs, and attorney fees so wrongfully incurred.

## COUNT IV – NEGLIGENCE AND BREACH OF EXPRESS WARRANTY AS TO DEFENDANT MILSCO, LLC.

43. Plaintiffs incorporate by reference all previous paragraphs as though fully restated herein.

44. Defendant Milsco expressly warranted, represented, and stated that its products to be merchantable, of good material and workmanship and fit and sufficient for the purposes intended and to be free from defects in material and workmanship.

45. Plaintiff Robert Scott McDonald and his employer WJZ & Sons Harvesting, Inc. relied on the representation of express warranty as previously described.

46. Plaintiff Robert Scott McDonald was proximately injured through the breach of express warranty in the manner previously described.

WHEREFORE, Plaintiffs respectfully request that the trier of fact award all damages allowed under Michigan law. Plaintiffs also request that this Court award pre-judgment interest, costs, and attorney fees so wrongfully incurred.

10

## COUNT V-- GROSS NEGLIGENCE AS TO DEFENDANTS TWO HARBORS AND GRYB IMMO USA, INC.

47. Plaintiffs incorporate by reference all previous paragraphs as though fully restated herein.

48. Based upon information and belief, during the time of the design, development, manufacture, and distribution of the subject log loader, Defendants had actual knowledge of a prior incident of a similar failure in a similar type of log loader seat and additionally the Defendants were aware that a metal guardrail, cage, or cabin surrounding the subject seat would have prevented the injuries like those Plaintiff Robert Scott McDonald sustained from falling and becoming injured.

49. Specifically, in the newsletters of the Timber Harvesting and Transportation Safety Foundation as well as the Forest Resources Association, Inc. Safety Alert 11-5-10, it was reported that a "Self-Loader Seat Fails, Toppling Operator" and the cause was the corrosion of the log loader seat frame (August 2011).

50. During the time of the design, manufacture, and sale of the log loader, Defendant had actual knowledge of the defective conditions set forth above, and that there was a substantial likelihood that the defect would cause serious or fatal injuries to users and/or bystanders, including the same type of injury in this case. Despite such knowledge, Defendant willingly disregarded that knowledge in the design, manufacture, and distribution of the product/subject log loader.

51. Defendant's conduct also constitutes gross negligence which is defined as *"conduct so reckless as to demonstrate a substantial lack of concern for whether injury results"*. MCL 600.2945.

52. Based on Defendant's actual knowledge and gross negligence, MCL 600.9246(4), 600.2946a, 600.2947(1)-(4), and 600.2948(2), do not apply, pursuant to MCL 600.2949(a).

11

53.    Defendant's conduct was a direct and proximate cause of Plaintiff's injuries and damages as set forth above.

WHEREFORE, Plaintiffs respectfully request that the trier of fact award all damages allowed under Michigan law. Plaintiffs also request that this Court award pre-judgment interest, costs, and attorney fees so wrongfully incurred.

## COUNT VI-FAILURE TO WARN AS TO ALL DEFENDANTS

54.    Plaintiffs incorporate by reference all previous paragraphs as though fully restated herein.

55.    Defendants knew or should have known of the risk of injury with respect to the foreseeable use and/or misuse or its product in an outdoor environment.

56.    Defendants did not provide effective communication of adequate, accurate information essential to safe use of the product.

57.    That as a direct and proximate consequence of Defendants' failure to warn and/or inadequately warn, Plaintiff sustained severe injuries, pain, and suffering, emotional distress, shock to the nervous system, and mental anguish.

WHEREFORE, Plaintiffs respectfully request that the trier of fact award all damages allowed under Michigan law. Plaintiffs also request that this Court award pre-judgment interest, costs, and attorney fees so wrongfully incurred.

NEUMANN LAW GROUP

Dated: August 2, 2022          By:  Steven A. Lee
                                    Steven A. Lee (P77013)
                                    Attorney for Plaintiffs
                                    300 East Front Street, Suite 445
                                    Traverse City, MI 49684

12

STATE OF MICHIGAN
IN THE 11TH CIRCUIT COURT FOR THE COUNTY OF LUCE

ROBERT SCOTT MCDONALD and
SANDRA MCDONALD,

          Husband and Wife,

v.

TWO HARBORS MACHINE SHOP, INC.,
individually and d/b/a SERCO LOADERS,
GRYB IMMO USA, INC., MILSCO, LLC,
and JASON INCORPORATED.

          Defendants.

_____/

Case No.: 2022- 6709 -NP
Honorable

**FILED**

**AUG 0 3 2022**

Luce County Clerk

Steven A. Lee (P77013)
Neumann Law Group
300 East Front Street, Suite 445
Traverse City, MI 49684
(231) 221-0050 – Phone
(231) 221-0051 – Facsimile
steve@neumannlawgroup.com

_____/

**COMPLANT**

**EXHIBIT A**

**AGREEMENT TO TOLL/SUSPEND PROVISIONS OF MICHIGAN LIMITATION ON ACTIONS
(MCL 600.5801 *ET SEQ*, 600.5805, 600.5832, CHAPTER 58)**

## <u>AGREEMENT TO TOLL/SUSPEND PROVISIONS OF THE MICHIGAN LIMITATIONS ON ACTIONS (MCL 600.5801 *et seq.*, 600.5805, 600.5833, CHAPTER 58)</u>

This Agreement dated March 22, 2022, by and between **ROBERT SCOTT MCDONALD** and **SANDRA MCDONALD** (through their attorney **Steven A. Lee** of the **Neumann Law Group**), hereinafter referred to as the **PLAINTIFFS**, and **MILSCO MANUFACTURING COMPANY, INC., MILSCO, LLC, AND JASON INCORPORATED** (through its attorneys, **Deborah Lujan** of **Collins Einhorn Farrell PC**) and **TWO HARBORS MACHINE SHOP, INC., SERCO LOADERS** (through its attorneys, **Richard W. Bale** of **Larson King**), hereinafter referred to as the **DEFENDANTS**:

**WHEREAS** the PLAINTIFFS have claims against the DEFENDANTS as a result of an accident that occurred on March 27, 2019.

**WHEREAS** the DEFENDANTS deny liability to the PLAINTIFFS and are interested in communicating with the other parties in order to avoid the time and expense of litigation.

**WHEREAS** the PLAINTIFFS and the DEFENDANTS (hereinafter, collectively referred to as the parties) are presently communicating with one another regarding mediation, adjustment and possible resolution of PLAINTIFFS' claims; and

**WHEREAS** the parties are desirous of avoiding litigation regarding the PLAINTIFFS' claims and wish to continue their negotiations and claims processing.

**THEREFORE,** the parties agree as follows:

The parties agree to toll/suspend the statute of limitations, notice provisions, and time limitations contained in MCL 600.5801 *et seq.*, 600.5805, 600.5833, Chapter 58, with respect to PLAINTIFFS' claims regarding the accident that occurred on March 27, 2019;

The parties mutually agree that the statute of limitations, notice provisions, and time limitations contained in MCL 600.5801 *et seq.*, 600.5805, 600.5833, Chapter 58, with respect to PLAINTIFFS' claims regarding the accident of March 27, 2019, are tolled/suspended from March 22, 2022, through August 5, 2022.

That upon the expiration of this agreement, the statute of limitations, notice provisions, and time limitations contained in MCL 600.5801 *et seq*, 600.5805, 600.5833, Chapter 58 shall continue to run. Nothing in this agreement shall be construed as a complete waiver of the DEFEDANTS' statute of limitations or notice affirmative defenses.

This agreement will expire by its terms on August 6, 2022. The parties may also extend this agreement by written agreement.

**IN WITNESS WHEREOF** the parties hereto have set their respective hands and seals.

Dated: **3/22/2022**

NEUMANN LAW GROUP
Attorneys for Robert and Sandra McDonald

By _____
    Steven A. Lee (P77013)

Dated: 3/23/2022

**COLLINS EINHORN FARRELL PC**
Attorneys for Milsco Manufacturing Company, Inc., Milsco, LLC., and Jason, Incorporated

By _____
    Deborah A. Lujan (P46990)

Dated: 3/22/2022

**LARSON KING LLP**
Attorneys for Two Harbors Machine Shop, Inc., SERCO Loaders

By _____
    Richard Wu Bale (0209727)

STATE OF MICHIGAN
IN THE 11ᵀᴴ CIRCUIT COURT FOR THE COUNTY OF LUCE

ROBERT SCOTT MCDONALD and
SANDRA MCDONALD,

        Husband and Wife,

v.

TWO HARBORS MACHINE SHOP, INC.,
individually and d/b/a SERCO LOADERS,
GRYB IMMO USA, INC., MILSCO, LLC,
and JASON INCORPORATED.

        Defendants.

_____/

Case No.: 2022- 6709  -NP
Honorable

**FILED**

**AUG 0 3 2022**

Luce County Clerk

Steven A. Lee (P77013)
Neumann Law Group
300 East Front Street, Suite 445
Traverse City, MI 49684
(231) 221-0050 – Phone
(231) 221-0051 – Facsimile
steve@neumannlawgroup.com

_____/

**JURY DEMAND**

NOW COME Plaintiffs by and through their undersigned counsel, and hereby demand a

trial by jury in the above cause.

        NEUMANN LAW GROUP

Dated: August 2, 2022    By:   _____

        Steven A. Lee (P77013)
        Attorney for Plaintiffs
        300 East Front Street, Suite 445
        Traverse City, MI 49684